UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DENNIS CHARLES PORTER,

    Defendant.
                                  /

Case No. 10-20075

SENIOR UNITED STATES DISTRICT
JUDGE ARTHUR J. TARNOW

**ORDER GRANTING DENNIS PORTER'S MOTION FOR EARLY RELEASE [166]**

Defendant, Dennis Porter, is serving a fourteen-year sentence for conspiracy to possess with intent to distribute controlled substances in violation of 21 U.S.C. § 846. His is currently incarcerated at Hazelton FCI. He is 54-years old and scheduled for release on May 9, 2022. He moved for compassionate release under 18 U.S.C. § 3582(c)(1) in a letter docketed on June 23, 2020. (ECF No. 166). He argued that his sentence should be reduced to protect himself from the pandemic. (*Id*.).

Both Porter and the Government filed supplemental briefing, and the Court held a hearing on the matter on July 13, 2020. For the reasons stated below and the record at the hearing, Porter's motion will be granted.

## BACKGROUND

Dennis Porter was born on July 24, 2965 in Laurel Mississippi. Porter's family moved to Detroit when he was six years old, where his father began working for

General Motors. Porter described his family as "close-knit" and his upbringing as good. (PSR ¶ 48). Though family members have suffered from mental health problems, Defendant has characterized himself as the "black sheep" of the family. (*Id.*).

Porter's criminal record began when he was 20, in 1985, when he was convicted of misdemeanor use of cocaine. (PSR ¶ 34). In 1988, he was placed on probation for carrying a concealed weapon. (PSR ¶ 36). In 1989, he was convicted of stealing a vehicle with a weapon when he forced a man to sign over the title of two of his vehicles at gunpoint. (PSR ¶¶ 38-39). He was sentenced to 2 years consecutive to 1-5 years, but while in prison he was convicted of assaulting a corrections officer and received a sentence of 33-66 months. (PSR ¶¶ 40-41). He was not released from prison until 2002. (*Id.*).

In May of 2009, Porter was shot twice in the knee by police officers as he was fleeing the scene of an armed robbery. (PSR ¶¶ 44-45). Federal law enforcement began investigating Porter and his two co-defendants in November of 2009. The operation culminated in Porter's arrest in February 2010 for his role in the conspiracy to rob the fictional drug dealers. (PSR ¶¶ 10-17).

Porter was detained pending trial, and on September 27, 2010, Porter pled guilty to the single count against him. He faced a 10-year mandatory minimum and

a guidelines range of 210 to 262 months in prison. On January 28, 2011, the Court sentenced Porter to 210 months (17 ½ years) in prison. (ECF No. 98).

On September 21, 2015, the Court granted Porter's motion to reduce his sentence pursuant to § 3582(c)(2) after the United States Sentencing Commission retroactively lowered the guidelines range for certain drug offenses. (ECF No. 161). His sentence was reduced to 168 months (14-years). (*Id*.).

## ANALYSIS

18 U.S.C. § 3582(c)(1) allows a district court to reduce a prisoner's sentence, once that prisoner has exhausted his administrative remedies, "if extraordinary and compelling reasons" warrant such a reduction.

Under Sixth Circuit precedent, a petitioner under § 3582(c)(1) must exhaust his administrative remedies with the Bureau of Prisons ("BOP"). *United States v. Alam*, ___ F.3d ___, No. 20-1298, 2020 WL 2845694, at *1 (6th Cir. June 2, 2020). Porter has claimed to have filed three petitions for early release. One of them—dated May 25, 2020—was sent with his petition for early release. For the reasons stated on the record, the Court held that Porter exhausted his administrative remedies, despite the Bureau of Prison's claims to have no such petitions on file for Porter.

Because Porter's avenues for relief with the Bureau of Prisons have been exhausted, the Court has three questions to answer. The first is whether extraordinary and compelling reasons warrant a reduction in sentence. The second is whether

Porter poses a danger to the community. The third is whether a sentence reduction is consistent with the § 3553(a) factors. *United States v. Amarrah*, No. 17-20464, 2020 WL 2220008, at *4 (E.D. Mich. May 7, 2020).

1. Extraordinary and Compelling Reasons for Release

In order to determine if extraordinary and compelling reasons exist to release Porter, the Court must determine if a sentence reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). There are extraordinary and compelling reasons for modification where "[t]he defendant is ... suffering from a serious physical or medical condition ... that substantially diminishes the ability to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *United States v. Rahim*, No. 16-20433, 2020 WL 2604857, at *2 (E.D. Mich. May 21, 2020) (quoting U.S.S.G. § 1B1.13 comment n.1(A)(ii))

The Sentencing Commission's Guidelines also contemplates release for "other reasons" that create extraordinary and compelling reasons for release in combination with a petitioner's medical reasons. The heightened susceptibility of prison populations to the virus creates an additional reason under the guidelines for the release of medically vulnerable inmates. *Miller v. United States*, No. 16-20222-1, 2020 WL 1814084, at *3 (E.D. Mich. Apr. 9, 2020) (citing U.S.S.G. § 1B1.13 comment n.1(D)).

Here, Porter has presented evidence that his medical conditions put him at greater risk of COVID-19 and that he is unable to social distance at Hazelton FCI.

Porter suffers from obesity, hypertension, high cholesterol, and prediabetes. Such factors are sufficient to warrant release even in younger men. *United States v. Readus*, No. 16-20827-1, 2020 WL 2572280, at *3 (E.D. Mich. May 21, 2020) (collecting cases). The Government has conceded that Porter's BMI of 33.7 puts him at greater risk of COVID-19, as has been recognized by current research on the subject. Jennifer Lighter, et al., *Obesity in Patients Younger Than 60 Years Is a Risk Factor for COVID-19 Hospital Admission, Clinical Infectious Diseases* (2020), https://academic.oup.com/cid/advance-article/doi/10.1093/cid/ciaa415/5818333. Hypertension has also been identified as a risk-factor warranting release. *United States v. Sanders*, No. 19-20288, 2020 WL 1904815, at *4 (E.D. Mich. Apr. 17, 2020).

Further, Porter suffers from high cholesterol, or hyperlipidemia. "The CDC has recognized hyperlipidemia, along with other chronic diseases, as prevalent in patients hospitalized due to COVID-19." *Cotton v. United States*, No. CR 16-20222-8, 2020 WL 3488752, at *3 (E.D. Mich. June 26, 2020). Finally, Porter is quite close to being diabetic. His hemoglobin AIC levels are 6.2. (ECF No. 172-2). Once such levels reach 6.5, a person is diabetic. *Cotton*, 2020 WL 3488752, at *3. Courts have found that prediabetes, in combination with other conditions, creates an

unacceptably high risk level for COVID-19. *United States v. Sosa*, No. 19-CR-39-02-JD, 2020 WL 2227038, at *1 (D.N.H. Apr. 21, 2020), *report and recommendation adopted*, 020 WL 2219173 (D.N.H. May 6, 2020) (finding prediabetes and obesity warranted pre-sentencing release); *United States v. Dhavale*, No. 19-MJ-00092, 2020 WL 1935544, at *6 (D.D.C. Apr. 21, 2020) (granting temporary pretrial release and noting "the government does not contest that defendant suffers from prediabetes and hypertension, which puts him at higher risk for more severe, debilitating illness from COVID-19").

The United States argues that none of these preexisting conditions warrant release, because Porter's facility—Hazelton FCI in West Virginia—has seen only a single inmate test positive for the virus. See Bureau of Prisons, COVID-19, https://www.bop.gov/coronavirus/ accessed on July 14, 2020. Given that only 32 out of 1,202 inmates at the facility have been tested, this fact is almost meaningless. *Id.*; *see also Rahim*, No. 16-20433, 2020 WL 2604857, at *3 (explaining that the absence of positive test results is not dispositive where the testing is inadequate).

2. <u>Danger to the Community</u>

The Sentencing Commission's Guidelines require that an individual granted early release under 18 U.S.C. § 3582 "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. 1B1.13. The Court found on the record at the July 13, 2020 hearing that Porter was no longer a

danger to others. His answers to the Court's questions and his behavior over the last decade of his incarceration—his participation in BOP programming, his role in his family's life, and his good, though imperfect, BOP disciplinary record—all provide grounds to conclude that Porter has matured into an individual who no longer poses a threat to the safety of others.

3. !      Section 3553(a) Factors

A district court contemplating a motion for compassionate release must consider the § 3553(a) sentencing factors. Those are as follows:

> **(a) Factors to be considered in imposing a sentence.**--The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--
> **(1)** the nature and circumstances of the offense and the history and characteristics of the defendant;
> **(2)** the need for the sentence imposed--
> **(A)** to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> **(B)** to afford adequate deterrence to criminal conduct;
> **(C)** to protect the public from further crimes of the defendant; and
> **(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> **(3)** the kinds of sentences available;
> **(4)** the kinds of sentence and the sentencing range established for--
> **(A)** the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--

18 U.S.C.A. § 3553.

The Court's consideration of these factors is explicated both in this opinion's analysis of U.S.S.G. 1B1.13 and on the record of the July 13, 2020 hearing. Porter

has taken classes in drug education, health, release preparation planning, and career skills over the course of his decade in BOP custody. He has taken 150 hours of programming in sewing and 30 hours towards his commercial driver's license. He works as a unit orderly. (ECF No. 172-3).

Porter plans to live with his mother and brother in Detroit. Porter has remained married to his wife of 16 years and maintains a good relationship with their children and his one granddaughter. All the evidence on the record suggests that Porter has matured and developed as a person over the course of his incarceration. There would be little added benefit to keeping him in prison for the remaining two years of his sentence.

## Conclusion

Dennis Porter was once a very dangerous man. His conduct in prison his demonstrated the extent to which he has changed as a person, however. The pandemic has put unparalleled stress on the Bureau of Prisons and provided extraordinary and compelling reasons to release individuals, such as Porter, who are at risk of severe adverse health results should they contract the virus, and who have demonstrated that they no longer pose a danger to the community.

Accordingly, for the reasons articulated in this order and on the record at the July 13, 2020 hearing,

**IT IS ORDERED** that Porter's Motion for Early Release [166] is **GRANTED**. His sentence is reduced to time-served.

**IT IS FURTHER ORDERED** that Porter be **IMMEDIATELY RELEASED** from custody.

**IT IS FURTHER ORDERED** that upon his release from custody, Porter will begin his 5-year term of **SUPERVISED RELEASE**, as outlined by the February 1, 2011 Judgment (ECF No. 98). Porter's Conditions of Supervised Release are **MODIFIED** only to provide that he shall fully comply with any applicable state or local stay-at-home orders, social distancing guidelines, or other public health restrictions.

**SO ORDERED**.

Dated: July 14, 2020

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge